**THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

MARCUSAZIA CHAMBERS,

                Plaintiff,

        v.

OFFICER SORI and the
FAIRBANKS POLICE
DEPARTMENT,

              Defendants.

Case No. 4:25-cv-00012-SLG

## <u>SCREENING ORDER</u>

On March 13, 2025, self-represented prisoner Marcusazia Chambers, also known as Apollo Knight,[1] ("Plaintiff") initiated this action.[2] Plaintiff's Complaint alleges that on or about February 12, 2024, Fairbanks Police Officer [First Name Unknown] Sori committed perjury in a complaint related to Fairbanks Police Report Number 24000416.  For relief, Plaintiff seeks $10,000 in damages.[3]

As an initial matter, this action is deficient because Plaintiff has not paid the filing fee or filed a completed application to waive prepayment of the fee with a statement from his prison trust account for the six months preceding the date this case was filed.[4] Although at Dockets 2 and 4, Plaintiff filed motions a fee exemption

---

[1] Plaintiff's name was legally changed from Marcusazia Chambers to Apollo Anthony Knight in February 2025. *In the Matter of: Chambers, Marcusazia New Name: Knight, Apollo Anthony AKW*, Case No. 4FA-25-01219CI.

[2] Docket 1.

[3] Docket 1 at 2.

[4] Plaintiff lists his address as the Fairbanks Correctional Center.  For a prisoner to properly

on a state court form, neither filing satisfies the requirements for proceeding without prepayment of fees under federal law. Therefore, Plaintiff's motions at **Dockets 2 and 4 are DENIED without prejudice to filing a completed application to waive prepayment of the filing fee that complies with federal law.**

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order. If Plaintiff chooses to file an amended complaint, he must also file a completed application to waive prepayment of the filing fee and a statement of his prisoner trust account for the past six months. Should Plaintiff proceed with this case, the Court will issue a separate order on the collection of the filing fee. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close this case.

---

commence a civil action against a government actor, the litigant must either pay the filing fee of $405.00 or file an application to waive prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(2). *See also* Alaska Local Civil Rule 3.1(c)(3) ("Applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 must be fully completed and signed before an application to waive prepayment of fees will be considered. Prisoners must include a certified copy of their prison trust account statement, dating back six months.").

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Court System.[5]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[6] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

     (i)     is frivolous or malicious;

     (ii)    fails to state a claim on which relief may be granted; or

     (iii)   seeks monetary relief against a defendant who is immune from such relief.[7]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[8] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or

---

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[6] 28 U.S.C. §§ 1915, 1915A.

[7] 28 U.S.C. § 1915(e)(2)(B).

[8]*Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

unwarranted deductions of fact.[9] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[10] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[11]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[12] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

## DISCUSSION

### I.      Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[14] While a complaint need not, and should not,

---

[9] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[10] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[11] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims"), *amended by* 275 F.3d 1187 (2001).

[12] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[13] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[14] Fed. R. Civ. P. 8(a)(2).

contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[15] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[16] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[18] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[19]

---

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[16] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

[17] *Ashcroft,* 556 U.S. at 678.

[18] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[19] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

## II.    Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[20] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[21] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[22] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[23]

### A.    Plaintiff's claim against Officer Sori

Plaintiff alleges that on or about February 12, 2024, Fairbanks Police Officer Sori committed perjury on Police Report Number 24000416.[24] Perjury is a criminal offense,[25] that must be brought by a prosecutor. There is no private right of action which would enable Plaintiff to assert a perjury claim in a civil lawsuit.[26] However,

---

[20] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[22] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also* Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[23] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[24] Docket 1 at 2.

[25] *See* 18 U.S.C. § 1621.

[26] *Alexander v. Sandoval,* 532 U.S. 275, 286-87 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress[,]" and without a congressional intent to create a private remedy, "a cause of action does not exist and courts may not create one[.]"). *See also*

"[t]he Fourteenth Amendment prohibits the deliberate fabrication of evidence by a [government] official."[27] To bring such a claim, a plaintiff must allege plausible facts that demonstrate "that (1) the defendant official deliberately fabricated evidence [that was used to criminally charge the plaintiff] and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty."[28] To establish the second element of causation, a plaintiff must show "that (a) an act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning the injury is of a type that a reasonable person would see as a likely result of the conduct in question.'"[29] Unlike a malicious prosecution claim, a deliberate fabrication of evidence claim does not require a showing that the criminal charges were terminated in the individual's favor.[30]

Plaintiff does not include a copy of the specific police report or identify a state court criminal case initiated based on that report. However, a search of the publicly available state court records shows that the State of Alaska charged

---

*Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes "provide no basis for civil liability").

[27] *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017); *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001). *see also Bradford v. Scherschligt,* 803 F.3d 382, 386 (9th Cir. 2015) ("A *Devereaux claim* is a claim that the government violated the plaintiff's due process rights by subjecting the plaintiff to criminal charges based on deliberately-fabricated evidence.").

[28] *Spencer,* 857 F.3d at 798; *Caldwell v. City & Cnty. of San Francisco,* 889 F.3d 1105, 1115 (9th Cir. 2018).

[29] *Spencer,* 857 F.3d at 798.

[30] *Richards v. County of San Bernadino*, 39 F.4th 562, 566 (9th Cir. 2022).

Plaintiff with five offenses on February 12, 2024.[31] A jury trial was held in November

2024.  Although the state court docket has not been updated with the results of the

jury trial for each charge in that case, Plaintiff is scheduled to be sentenced on

August 6, 2025. It is Plaintiff's responsibility to gather and plead the necessary

facts to support his claims. Apart from reviewing the publicly available Alaska state

court dockets, the Court does not conduct any independent research when

screening a complaint. However, Plaintiff will be given an opportunity to file an

amended complaint that attaches the police report or other document and identifies

in the amended complaint precisely what statement(s) Officer Sori included in the

report or other document that Plaintiff is asserting were deliberately fabricated.  All

the necessary information must be included within the body of the amended

complaint itself, not just in the attached police report or other document.

### B.  Plaintiff's claim against the City of Fairbanks and its Police Department

The Complaint names the Fairbanks Police Department as a defendant, but

the proper defendant for such a claim is the municipality itself—here, the City of

Fairbanks—not its sub-agencies or departments.[32] "A municipality may be held

---

[31] *State of Alaska vs. Chambers, Marcusazia,* Case No. 4FA-24-00284CR (filed 02/12/2024)
(Charge # 1: Class A Misdemeanor AS11.41.230(a)(1): Assault In The 4th Degree - Recklessly
Injure; Charge # 2: Class A Misdemeanor AS11.56.745: Interfere w/ Report of DV Crime;
Charge # 3: Class B Felony AS11.41.210(a)(1): Assault 2 - Injury w/ Weapon, Intent; Charge #
4: Class C Felony AS11.41.220(a)(5): Assault 3 - Commit Assault 4, 2+ Convictions; Charge # 5:
Class C Felony AS11.41.220(a)(1)(A): Assault 3- Cause Fear Of Injury w/ Weapon).

[32] *See Fisher v. Kealoha,* 869 F. Supp. 2d 1203, 1214 (D. Haw. 2012) (dismissing police
department because it was not independent entity subject to suit in addition to municipality).

liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's federally protected rights."[33] "In particular, municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker."[34] However, "[a] municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents[;]"[35] a plaintiff must first show an underlying constitutional violation.[36] Further, an allegation of a single instance of misconduct by one police officer is insufficient to establish a claim against a municipality.[37]

As explained above, the Complaint fails to plead facts to support a claim against the individual officer, and accordingly, cannot establish a claim against the municipality.[38] Further, Plaintiff does not assert that the City of Fairbanks has an official policy of allowing false statements in police reports, or that the alleged

---

[33] *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020); *See also Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (explaining mere acquiescence in a single instance of alleged unconstitutional conduct is not sufficient to demonstrate ratification of a subordinate's acts).

[34] *Horton,* 915 F.3d at 602-03.

[35] *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell v. New York City Dept of Social Servs.*, 436 U.S. 658, 694 (1978)).

[36] *See Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). *See also Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (explaining mere acquiescence in a single instance of alleged unconstitutional conduct is not sufficient to demonstrate ratification of a subordinate's acts).

[37] *See Navarro v. Block,* 72 F.3d 712, 714 (9th Cir. 1996).

[38] *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) ("Because there is no constitutional violation, there can be no municipal liability.").

constitutional violation by Officer Sori resulted from a longstanding practice or custom by the Fairbanks Police Department, or that Officer Sori's alleged fabrication was caused by a failure to train municipal employees adequately. Further, it is not enough for a plaintiff to simply make conclusory allegations that there was a policy or practice to state a claim against a municipality; rather, a complaint must allege specific plausible facts, that if proven, would establish a constitutional violation by the municipality. Therefore, the First Amended Complaint fails to state a claim against the City of Fairbanks.

### III.    Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[39] An amended complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[40] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially

---

[39] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[40] Fed. Rule Civ. Proc. 8(a)(2).

numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[41] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims.

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim. If an amended complaint is dismissed as frivolous, malicious, or for failure to state a claim, and the case is closed, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[42]

---

[41] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

[42] *Spencer v. Barajas*, 140 F.4th 1061 (9th Cir. 2025).

## IV.     The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[43] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[44] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[45] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[46] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[47] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[48]

---

[43] 28 U.S.C.A. § 1915(g).

[44] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[45] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[46] *Andrews,* 493 F.3d at 1056 (cleaned up).

[47] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[48] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 4:25-cv-00012-SLG, *Chambers v. Officer Sori and the Fairbanks Police Dept.*
Screening Order
Page 12 of 15

**IT IS THEREFORE ORDERED:**

1.      Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Complaint that are identified in this order.

2.  Plaintiff is accorded **60 days** from the date of this order to file either:

    a.  <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b.  <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3.      If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form**,** this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

4.      Plaintiff's requests for exemption from paying the filing fee at **Dockets 2 and 4 are DENIED.**

5.      Should Plaintiff elect to proceed with this case, he must either pay the filing fee of $405.00 or file a completed and signed prisoner application to waive payment of the filing fee **on or before the date the amended complaint is filed**. The application must include an attached statement from Plaintiff's prison trust

account for the six months preceding the date this case was filed.

6. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[49] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee.

7. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[50] Failure to comply may result in dismissal of this action.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[51] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[49] 28 U.S.C. § 1915(b)(1)&(2).

[50] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[51] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 4:25-cv-00012-SLG, *Chambers v. Officer Sori and the Fairbanks Police Dept.*
Screening Order
Page 14 of 15
Case 4:25-cv-00012-SLG   Document 5   Filed 08/04/25   Page 14 of 15

9.      Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10.     At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[52] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

11.     With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS10, Prisoner's application to waive prepayment of the filing fee; (3) form PS09, Notice of Voluntary Dismissal; and (4) form PS23, Notice of Change of Address.

DATED this 4th day of August, 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[52] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").