# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MARCUSAZIA CHAMBERS,

    Plaintiff,

v.

FAIRBANKS POLICE DEPARTMENT and OFFICER SORI,

    Defendants.

Case No. 4:25-cv-00012-SLG

## ORDER OF DISMISSAL & NOTICE OF SECOND STRIKE

On August 4, 2025, the Court dismissed the Complaint filed in this case by self-represented prisoner Marcusazia Chambers, but granted Plaintiff leave to file an amended complaint or provide the Court with a Notice of Voluntary Dismissal.[1] The Court warned Plaintiff that failure to file either with the Court within 60 days of the date of the Screening Order would result in a "strike" against Plaintiff under § 1915(g).[2] To date, Plaintiff has not responded or otherwise contacted the Court.

## DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

---

[1] Docket 5.

[2] Docket 5 at 11, 13.

the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[3]

Here, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.[4] Plaintiff's failure to respond within the specified timeline suggests Plaintiff does not intend to litigate this action diligently.[5] Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[6] Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[7] The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[8] "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward toward resolution on the merits."[9] The fifth factor is comprised of three subparts, which include "whether

---

[3] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[4] *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

[5] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (noting that a plaintiff has the burden to move toward disposition at a reasonable pace and to refrain from dilatory and evasive tactics).

[6] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *See, e.g., Hernandez,* 138 F.3d at 401 (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[8] *Pagtalunan v. Galaza,* 291 F.3d 639, 643 (9th Cir. 2002).

[9] *In re Phenylpropanolamine Prod. Liab. Litig.,* 460 F.3d 1217, 1228 (9th Cir. 2006).

Case No. 4:25-cv-00012-SLG, *Chambers v. Officer Sori and the Fairbanks Police Dept.*
Order of Dismissal & Notice of Second Strike
Page 2 of 5
Case 4:25-cv-00012-SLG    Document 6    Filed 10/21/25    Page 2 of 5

the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[10] The Court's Screening Order at Docket 5 accorded Plaintiff an opportunity to file a First Amended Complaint and warned him of the potential dismissal of this action in the event of noncompliance.[11]

Based on the foregoing, this case must be dismissed. Dismissal without prejudice minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief.[12] The Court finds no other lesser sanction to be satisfactory or effective in this case.[13] Therefore, this case is dismissed without prejudice, for failure to prosecute this action. Because Plaintiff was a prisoner at the time this case was filed, this dismissal will count as a "strike" under § 1915(g).[14]

---

[10] *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (internal citation omitted).

[11] *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and quotations omitted).

[12] *Id.*

[13] *See, e.g., Henderson,* 779 F.2d at 1424 (noting that a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).

[14] *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that when a district court dismisses a complaint on the ground that it fails to state a claim but grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)). *See also O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (concluding that a plaintiff has "brought" an action for the purposes of Section 1915(g) when he submits the operative complaint).

Case No. 4:25-cv-00012-SLG, *Chambers v. Officer Sori and the Fairbanks Police Dept.*
Order of Dismissal & Notice of Second Strike
Page 3 of 5
Case 4:25-cv-00012-SLG     Document 6     Filed 10/21/25     Page 3 of 5

## The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[15] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[16] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[17] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[18] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[19] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[20]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED**.

---

[15] 28 U.S.C.A. § 1915(g).

[16] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[17] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[18] *Andrews,* 493 F.3d at 1056 (cleaned up).

[19] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[20] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 4:25-cv-00012-SLG, *Chambers v. Officer Sori and the Fairbanks Police Dept.*
Order of Dismissal & Notice of Second Strike
Page 4 of 5

Case 4:25-cv-00012-SLG   Document 6   Filed 10/21/25   Page 4 of 5

2. This dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3. After three strikes, Plaintiff will be unable to file any cases in any federal court without prepaying the filing fee unless he demonstrates that he is under imminent danger of serious physical injury at the time of filing of the complaint, and that danger must be fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.

4. All pending motions are **DENIED as moot.**

5. The Clerk of Court shall issue a final judgment and close this case.

DATED this 21st day of October, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00012-SLG, *Chambers v. Officer Sori and the Fairbanks Police Dept.*
Order of Dismissal & Notice of Second Strike
Page 5 of 5
Case 4:25-cv-00012-SLG    Document 6    Filed 10/21/25    Page 5 of 5